A. E. SMITH, Plaintiff-Appellant,

v.

C. E. MANAUSA et al., Defendants-Appellees.

No. 75–1666.

United States Court of Appeals, Sixth Circuit.

Argued April 12, 1976.

Decided May 14, 1976.

Whayne M. Hougland, Frankfort, Ky., James Apple, Stites, McElwain & Fowler, Louisville, Ky., for plaintiff-appellant.

Robert F. Barrett, Florence, Ky., for Manausa.

Harry L. Riggs, Jr., Erlanger, Ky., for Hicks, Ravenscraft, G. Mills Morton, Sanders, R. Mills, Lawson Walker.

Truitt DeMoisey, pro se.

Before EDWARDS and CELEBREZZE, Circuit Judges, and GREEN *, Senior District Judge.

PER CURIAM.

This action was brought by plaintiff-appellant alleging violations by the several defendants of the Securities Act of 1933, 15 U.S.C. § 77a, et seq., the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq., and certain provisions of the Kentucky securities laws contained in KRS Chapter 271 and 292. The alleged unlawful acts of the defendants arose from plaintiff's acquistion of common stock and corporate notes of Frontier Enterprises, Inc., a Kentucky entity. The district judge, sitting without a jury, found the defendants to have violated both the federal and state laws and awarded plaintiff damages in the sum of $29,532.54.

In this appeal plaintiff challenges the adequacy of the award as entered. Defendants have not appealed from the judgment against them.

In early 1970 plaintiff purchased from a failing corporation in which he was a shareholder three leasehold interests for "fast food" restaurants in Columbus, Ohio and certain restaurant equipment for use therein for a total of $72,000.00. An Ohio corporation was formed, Ultra Industries, Inc., in which plaintiff was the sole shareholder and the restaurant leases and equipment were transferred to the corporation. Plaintiff contributed $25,000.00 cash to Ultra for operating capital.

Approximately ninety days after acquiring the leaseholds plaintiff transferred all stock in Ultra to Frontier Enterprises, Inc. in exchange for Frontier common stock valued at $80,000.00 and $120,000.00 in corporate notes. At about the same time plaintiff paid to Frontier $5,000 cash for 10,000 additional shares of common stock.

In the period from May through December, 1970 plaintiff paid out the total sum of $29,532.54 in the form of advances to Frontier or payment of Frontier obligations arising from the operation of the three restaurants in question. At least some of such payments were for rent. Frontier defaulted on the leases for the restaurants during the fall of 1970.

Plaintiff's position on this appeal, as it was before the trial court, is that a proper recovery for the fraud committed upon him must be based upon either the contract consideration for the Ultra stock of $200,000.00 or the $97,000.00 investment which he had in Ultra at the time of transfer, plus the $5,000.00 paid for the additional 10,000 Frontier shares. The trial court's limitation of plaintiff's award to an amount equivalent to the cash advances made by plaintiff to or on behalf of Frontier was predicated upon a finding that plaintiff had failed to mitigate his damages subsequent to the time he was aware that a wrong had been committed and that his investment was in jeopardy.

Under the contract with Frontier the plaintiff was entitled to conveyance to him individually of the three restaurant leases should Frontier be in default under the agreement. The district court found as a fact that plaintiff knowingly failed to exercise that right at a time when he reasonably should have done so, and that such failure barred him from any recovery representative of the "benefit of the bargain" with Frontier or the loss of his initial investment.

In a non-jury action a trial court's determination of damages is reviewable only for abuse of discretion, subject to being set aside as a finding of fact under the "clearly erroneous" standard of Rule 52(a) of the Federal Rules of Civil Procedure. *Albermarle Paper Co. v. Moody,* 422 U.S. 405, 424–425, 95 S.Ct. 2362, 2374, 45 L.Ed.2d 280, 300 (1975); *Miles v. District of Columbia,* 166 U.S.App.D.C. 235, 237, 510 F.2d 188, 196 (1975); *Petition of United States Steel Corp.,* 479 F.2d 489, 498 (6th Cir., 1973).

* The Honorable Ben C. Green, Senior District Judge for the Northern District of Ohio, sitting by designation.

This Court does not find that the district court's rejection of plaintiff's principal theories of damages must fail under that controlling standard. The Court believes that based upon the findings of fact as regards plaintiff's conduct in failing to attempt to recapture the assets in the hands of Frontier the limitation of the recovery for those losses attendant upon the transaction wherein the Ultra stock was conveyed to Frontier to plaintiff's cash advances subsequent to the transfer must stand. It was within the discretion of the trial judge to find as a fact that plaintiff failed to take appropriate action to minimize his losses and limit the recovery accordingly.

However, the district court's memorandum opinion does not reflect that any independent consideration was given to the claim for recovery of the $5,000.00 paid for the additional Frontier shares. Plaintiff's failure to mitigate his damages would not affect that element of his claim. As defendants have been found to have violated the securities laws as regards the transactions pertinent to that purchase, it necessarily follows that plaintiff was entitled to recover the $5,000.00 paid for the worthless Frontier stock. The failure to make such an award must be deemed plain error, and the judgment will be modified to include the said sum as part of plaintiff's recovery.

The judgment of the district court is modified in accordance with this opinion, and final judgment will be entered in plaintiff's favor in the sum of $34,535.54, plus costs in the district court and interest at the rate of six percent from November 22, 1974. The parties to bear their own costs of appeal.