NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0106n.06
Filed: February 9, 2009

Nos. 08-5171/08-5173

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RESTAURANT SUPPLY SOLUTIONS, INC., )
 )
 Plaintiff-Appellee/Cross-Appellant, )
 ) ON APPEAL FROM THE
 v. ) UNITED STATES DISTRICT
 ) COURT FOR THE MIDDLE
DEAN LEISCHOW, individually and d/b/a/ ) DISTRICT OF TENNESSEE
LEISCHOW GROUP, INC., LGI ENERGY )
SOLUTIONS, INC., )
 )
 Defendants-Appellants/Cross-Appellees. )
 )

BEFORE: SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM.

This appeal arises from a lawsuit that plaintiff Restaurant Supply Solutions, Inc. ("RSSI")

brought against defendants Dean Leischow, doing business as Leischow Group, Inc. and LGI Energy

Solutions, Inc. (collectively "LGI"), for breach of contract, fraud in the inducement to contract,

fraudulent misrepresentation, and intentional, bad faith refusal to pay commissions in violation of

TENN. CODE. ANN. § 47-50-114. The district court ultimately ruled that defendants were liable, but

that LGI prevailed on its counterclaim for breach of contract. The court reduced the damages owed

to plaintiffs by the amount of damages awarded on the counterclaim. The litigation below was

complex, but the issues on appeal are solely related to the district court's calculation of damages.

On appeal, the first issue is whether the district court properly calculated the commissions owed plaintiff regarding the Jack-in-the-Box arbitration award. We hold that the district court's findings of fact on this issue were not clearly erroneous and accordingly affirm.

We have held that a "trial court's determination of damages is to be set aside only upon the determination that it is clearly erroneous." *Thomas v. Gusto Records, Inc.*, 939 F.2d 395, 400 (6th Cir. 1991) (citing *Smith v. Manausa*, 535 F.2d 353, 354 (6th Cir. 1976)); *see also Adkins v. Asbestos Corp., Ltd.*, 18 F.3d 1349, 1351 (6th Cir. 1994) ("A district court's award of damages is essentially a factual determination that this court should not disturb unless the trial court's findings of fact were clearly erroneous.") (citing *Neyer v. United States*, 845 F.2d 641, 644 (6th Cir. 1988)). Clear error exists "only when the reviewing court is left with the definite, firm conviction that a mistake has been made." *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574.

The district court's application of the Amendment, and subsequent damage calculation, were based on specific findings of fact. The court explicitly rejected RSSI's assertion that the "amendment never went into effect" and found that awarding RSSI a 25% commission on cumulative revenue was "the obvious intent of the parties at the time the amendment was agreed upon." The district court acknowledged that it arrived at the 25% figure based on the testimony of Harold Dahl, LGI's expert. However, it did not do so blindly. While the district court accepted

Dahl's "general methodology," it rejected much of his suggested application of that methodology. The district court chose this methodology, in part, due to the "extremely complicated record in this case . . . ." RSSI prefers a different methodology, but it has not shown that the lower court's approach constituted clear error.

On the remaining issues, except for two referenced below, we also hold that the district court did not clearly err.

The first error involves the award of damages on defendants' counterclaim. Having agreed with defendants' calculation of $23,429, the district court subtracted that amount from the total awarded to plaintiff. However, the district court overlooked the fact that defendants had already deducted this amount from the commissions they paid to plaintiff. Thus, the district court erroneously awarded this amount twice, a point that both parties concede in their briefs.

The district court's second error involves double-counting the payment defendants made to plaintiff as a result of the Jack-in-the-Box arbitration award. Upon review of the district court's calculations, it appears that the court gave LGI credit at two separate points for its payment to plaintiff regarding the arbitration award. Thus, the amount awarded to plaintiff was lower than it should have been by $255,332.

Accordingly, we affirm in part, vacate in part, and remand in part for recalculation of damages consistent with this opinion.